

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00205-CV

IN THE MATTER OF J.B., JR.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-102791-16

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a juvenile court's order committing Appellant J.B., Jr. to the Texas Juvenile Justice Department after he violated the terms of his probation. *See* Tex. Fam. Code Ann. § 54.05 (West Supp. 2016). J.B., Jr.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel states that he has reviewed the record and

---

[1]*See* Tex. R. App. P. 47.4.

believes the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967); *see also In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (holding that *Anders* procedures apply to juvenile appeals). J.B., Jr.'s appellate counsel notified J.B., Jr., by mailing him a letter in care of his mother, that he had the right to file a pro se response to counsel's *Anders* brief. We also notified J.B., Jr. and his mother of J.B., Jr.'s right to file a response to counsel's *Anders* brief. J.B., Jr. has not filed a response. The State submitted a letter stating that it would not be filing a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). When analyzing whether any grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record, and we have discovered a clerical error in the commitment order. The order states that J.B., Jr. was born on the "2ND day of November, 1901," but the record

2

reflects that he was born in 2001. Accordingly, we reform the commitment order to reflect that J.B., Jr. was born on the "2ND day of November, 2001." *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that appellate courts have authority to reform judgments in *Anders* appeals and to affirm judgments as reformed); *see also Ferguson v. State*, 435 S.W.3d 291, 293–94 (Tex. App.—Waco 2014, pet. struck) (collecting cases holding same). We otherwise agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *In re K.B.*, No. 02-11-00097-CV, 2012 WL 1868518, at *1 (Tex. App.—Fort Worth May 24, 2012, no pet.) (mem. op.). Accordingly, we affirm the trial court's order as modified.

Ordinarily, upon finding that the appeal is frivolous, we would grant counsel's motion to withdraw. But in *In re P.M.*, a termination of parental rights appeal, our supreme court held—in reliance on family code section 107.013 providing that appointed counsel continues to serve in that capacity until the date all appeals are exhausted or waived—that the mere filing of an *Anders* brief in the court of appeals does not warrant the withdrawal of that counsel for purposes of proceeding in the supreme court. No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016) (order). The Juvenile Justice Code contains a similar provision: when, as in this case, the trial court finds a child's family indigent and appoints counsel, that counsel must continue to represent the child "*until the*

3

*case is terminated*, the family retains an attorney, or a new attorney is appointed by the juvenile court."  Tex. Fam. Code Ann. § 51.101 (West Supp. 2016) (emphasis added).  The record does not show that either of the latter two events have occurred here, and under the reasoning of *In re P.M.*, this case has not "terminated" because not all appeals have been exhausted.  *See* 2016 WL 1274748, at \*2 & n.5, \*3.  Accordingly, even though we have affirmed the trial court's order as modified, we nevertheless deny counsel's motion to withdraw.  *See id.* at \*3; *In re A.C.*, Nos. 01-15-00931-CV, 01-15-00932-CV, 01-15-00933-CV, 2016 WL 1658777, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.) (mem. op.) (citing *P.M.* in denying counsel's motion to withdraw in frivolous juvenile appeal).

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  LIVINGSTON, C.J.; KERR and PITTMAN, JJ.

DELIVERED:  April 27, 2017

4